1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
BRYAN P. SEXTON, Derivatively on )
Behalf of JONES SODA COMPANY, )
 )
                    Plaintiff, )
 )
          v. )
 )
PETER M. VAN STOLK, *et al.*, )
 )
                    Defendants. )
_____)
JON BAUM, Derivatively on Behalf of )
JONES SODA COMPANY, )
 )
          v. )
 )
PETER M. VAN STOLK, *et al.*, )
 )
                    Defendants. )
_____)

No. C07-1782RSL


ORDER CONSOLIDATING ACTIONS
AND APPOINTING LEAD PLAINTIFF
AND LEAD COUNSEL


No. C08-0018RSL

        This matter comes before the Court on "Plaintiff Jon Baum's Motion to
Consolidate Related Shareholder Derivative Actions and to Appoint Lead Plaintiff and Lead
Counsel" (Dkt. # 16) and plaintiff Bryan P. Sexton's cross-motion (Dkt. # 38).  The parties
agree that these derivative suits should be consolidated, but plaintiffs disagree about who should
control the litigation.  Defendants have wisely taken no position on the appointment of lead
plaintiff or lead counsel.

ORDER CONSOLIDATING ACTIONS AND APPOINTING
 LEAD PLAINTIFF AND LEAD COUNSEL

1      Having reviewed the memoranda, declarations, and exhibits submitted by the

2   parties, the Court finds as follows:

3      (1)    Pursuant to Fed. R. Civ. P. 42(a), the above-captioned matters are hereby

4   consolidated for all purposes.  All documents filed in the future regarding these matters are to be

5   filed under the caption <u>Sexton v. Van Stolk, *et al.*</u>, Cause No. C07-1782RSL.  Counsel shall

6   make efforts to identify all cases, other than those identified above, which might properly be

7   consolidated as part of this action, whether the cases are currently pending before the Court or

8   are later filed in or transferred to this district.  No additional documents shall be filed in Cause

9   No. C08-0018RSL.

10     (2)  If any other derivative actions asserting substantially the same claim or claims on

11  behalf of Jones Soda Company are identified, lead counsel shall notify the Court and serve a

12  copy of this Order on the attorneys for plaintiff(s) and any new defendant(s) in the newly-

13  identified case.  The case shall then be consolidated under Cause No. C07-1782RSL unless a

14  party in the newly-identified case files, within ten (10) days after the date upon which a copy of

15  this Order is served on them, an application for relief from this Order or any provision herein

16  and the Court deems it appropriate to grant such application.

17     (3)  As recognized by all parties, courts have the inherent power to consolidate actions

18  and appoint lead counsel in order to supervise and coordinate the prosecution of a derivative

19  action.  <u>Vincent v. Hughes Air West, Inc.</u>, 557 F.2d 759, 774 (9th Cir. 1977).  Such coordination

20  is intended "to redound to the benefit of all parties to the litigation" (<u>Id.</u>, (quoting <u>MacAlister v.

21  Guterma</u>, 263 F.2d 65, 69 (2d Cir. 1958)), and the Court is acutely aware of the need to manage

22  this litigation efficiently so that the costs do not swallow the recovery.  <u>See</u> <u>Joy v. North</u>, 692

23  F.2d 880, 887 (2d Cir. 1982).

24     (4)  The Court hereby appoints Bryan P. Sexton as lead plaintiff.  Mr. Sexton has

25  consistently shown a personal interest in this litigation and, as far as the Court can tell, has not

26

ORDER CONSOLIDATING ACTIONS AND APPOINTING
 LEAD PLAINTIFF AND LEAD COUNSEL            -2-

1    taken any steps that are antithetical to the real party in interest, Jones Soda Company.  Jon

2    Baum's interest in the litigation, on the other hand, is more doubtful:  he was apparently

3    unavailable to verify the complaint, has not averred that he even reviewed the complaint before

4    it was filed, and was not personally involved in this lead plaintiff dispute until his absence

5    became conspicuous.  In addition, it is almost impossible to paint Mr. Baum's initiation of this

6    second federal derivative action as an act taken in the best interests of the company.  Any

7    deficiency in Mr. Sexton's complaint could have been remedied in a more cost-effective and

8    productive manner by simply contacting plaintiff's counsel informally:  by filing a competing

9    copycat action, Mr. Baum initiated a shareholder battle and increased the costs of this litigation

10   with no appreciable benefit to the company or the absent shareholders.

11         (4)  The Court hereby appoints Federman & Sherwood as lead counsel and Mikkelborg,

12   Broz, Wells & Fryer PLLC as liaison counsel.  Mr. Sexton's choice of counsel is entitled to

13   some weight in this matter, especially in light of his involvement in this litigation and his

14   relationship with counsel.  To be perfectly candid, neither of the proposed leadership structures

15   has been particularly impressive so far, but the Court finds the actions and errors of the

16   Federman/Mikkelborg group to be less objectionable than those of the Robbins/Fosler group.

17   The decision to file a copycat action rests as much with Robbins/Fosler as with Mr. Baum, and

18   the failure to obtain a client verification may be just as problematic as Federman/Mikkelborg's

19   failure to allege jurisdictional facts with particularity.  See Goldberg v. Meridor, 81 F.R.D. 105,

20   110 (S.D.N.Y. 1979).[1]  In addition, Robbins/Fosler's inability to comply with the local civil

21   rules on a consistent basis does not recommend their services to this Court.

22         (5) Lead counsel shall have the following responsibilities and duties, to be carried out

23   either personally or through counsel whom lead counsel shall designate:

24

25         [1] Plaintiff Baum has not identified any deficit in plaintiff Sexton's demand futility allegations –
26   almost all of plaintiff Baum's allegations on this point can be found in plaintiff Sexton's complaint.

ORDER CONSOLIDATING ACTIONS AND APPOINTING
 LEAD PLAINTIFF AND LEAD COUNSEL         -3-

a.  to coordinate the filing of a consolidated amended complaint;

b.  to coordinate the briefing and argument of any and all motions;

c.  to coordinate the conduct of any and all discovery proceedings;

d.  to coordinate the examination of any and all witnesses in depositions;

e.  to coordinate the selection of counsel to act as spokesperson at all pretrial conferences and hearings;

f.  to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

g.  to coordinate all settlement negotiations with counsel for defendants;

h.  to coordinate and direct the pretrial discovery proceedings, the preparation for trial, the trial, and the post-trial proceedings in this matter;

i.  to coordinate the preparation and filings of all pleadings; and

j.  to supervise all other matters concerning the prosecution or resolution of the consolidated actions.

(6) No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiff without the approval of lead counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of lead counsel.

(7) Lead counsel shall be the contact between plaintiffs' counsel and defendants' counsel, as well as the spokesperson for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.

(8)  Lead counsel shall be the contact between the Court and plaintiffs and their counsel.

(9)  Lead counsel shall have the responsibility of receiving and disseminating to plaintiffs all documents filed in the court records.

(10)  Lead counsel shall organize, coordinate, and conduct this litigation in the most cost-

ORDER CONSOLIDATING ACTIONS AND APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL          -4-

1   effective manner possible.  Having won the role of lead counsel, Federman & Sherwood should

2   be aware that the Court takes seriously its obligations to the real party in interest and the

3   unrepresented shareholders.  The complaint in this matter alleges that Jones Soda Company's

4   stock fell more than 60% as a result of defendants' malfeasance and that defendants reaped "a

5   windfall of millions of dollars" through insider trading.  Sexton Complaint at ¶ 54.  Settlements

6   of the type presented to the Honorable Marcia S. Krieger and the Honorable Charles R. Breyer

7   (wherein Federman & Sherwood asked for hundreds of thousands of dollars in fees while

8   obtaining no monetary benefit for the corporation and only the vaguest "corporate governance"

9   improvements) will be scrutinized and possibly rejected if the best interests of the corporation

10  are not materially advanced.  Immediate dismissal of this action would be preferable to an

11  aggressive litigation strategy that simply increases the corporation's losses.  The argument raised

12  in previous litigations – that a meager settlement is appropriate because the derivative claims are

13  subject to dismissal for failure to make a demand – would not save an outsized fee award.  The

14  decision to file the complaint without making a demand can be laid squarely at counsel's door,

15  and an award of fees for such a miscalculation seems, at least in the abstract, absurd.

16

17          For all of the foregoing reasons, the above-captioned matters are consolidated,

18  plaintiff Bryan P. Sexton is appointed as lead plaintiff, Federman & Sherwood is appointed as

19  lead counsel, and Mikkelborg, Broz, Wells & Fryer PLLC is appointed as liaison counsel.  The

20  Clerk of Court is directed to file this Order in Cause No. C08-0018RSL and then close that case.

21

22          Dated this 10th day of April, 2008.

23

24          *Robert S. Lasnik*
            Robert S. Lasnik
25          United States District Judge

26

ORDER CONSOLIDATING ACTIONS AND APPOINTING
 LEAD PLAINTIFF AND LEAD COUNSEL          -5-